IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TRAVIS J. WHITE-SNEED** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No.: AW-05-2736 |
| **METROPOLITAN LIFE INSURANCE COMPANY, et. al.,** | * | |
| **Defendant.** | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

Travis J. White-Sneed ("White-Sneed" or "Plaintiff") brings this action seeking declaration that he is entitled to the benefits of Albert E. White's ("White") life insurance policy. Currently pending before the Court is Defendant Ezellis M. Stamp's ("Stamp") Motion to Disallow Testimony of Plaintiff's expert John W. Hargett, III ("Hargett") [26]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court with deny Defendant's Motion to Disallow Testimony.

## FACTUAL AND PROCEDURAL BACKGROUND

The deceased, White, died on March 5, 2005. At the time of his death White resided at 3804 Allison Street, Brentwood, Maryland 20722, and was the father of White-Sneed and the brother of Stamp.

White was a retired PEPCO employee who had a life insurance policy with Metropolitan, a part of an employee benefits plan regulated by ERISA. The policy provided death benefits in the amount of $80,710.00. Under ERISA, benefits are payable in accordance with the decedent's most

1

recent Designation of Beneficiary form. On February 21, 2002, White executed a Designation of Beneficiary form which designated his son, White-Sneed, as the sole beneficiary, and Doris J.H. Sneed as the contingent beneficiary.

On March 11, 2005, White-Sneed filed claims for the policy death benefits with the PEPCO Benefits Manager and Metropolitan. At this point, White-Sneed learned that Stamp claimed fifty percent (50%) of the policy benefits.

Stamp bases her claim on a Designation of Beneficiary form dated March 6, 2002 ("March 6th Form"), which contains several handwritten alterations to the February 21, 2002 beneficiary designations with White's alleged signature at the bottom. On the form, Doris J.H. Sneed is crossed through and Stamp's information is written in its place. The allocation of benefits to White-Sneed is changed from one hundred percent (100%) to fifty percent (50%). White's Maryland address is crossed through and handwritten in is "1400 Gray HW #510, Macon, GA 31211," though White did not live in Georgia at the time of the signing of the March 6th Form and continued to live at his Maryland home until his death.

On April 8, 2005 Metropolitan rejected all claims to White's policy and interpled the disputed funds. White-Sneed initially filed this Complaint for Declaratory Judgment in the Circuit Court for Prince George's County, Maryland, on August 23, 2005. The case was removed to this Court on October 3, 2005. In his Complaint, White-Sneed alleges that White did not fill out or sign the Beneficiary Information Form from March 6, 2002, and that the February 21, 2002, form is the only valid expression of White's intentions regarding the proceeds of the policy.

White-Sneed intends to use the testimony of John W. Hargett, III ("Hargett"), a forensic document examiner to establish that the signature on the March 6th Form is probably not White's

signature. Stamp moved to disallow Hargett's testimony on June 21, 2006.

## **DISCUSSION**

The use of expert testimony is governed by Federal Rule of Evidence 702, which provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. An expert may state an opinion or conclusion if the testimony concerns (1) scientific, technical, or other specialized knowledge; and (2) will aid the jury or other trier of fact to understand or resolve a fact or issue. See Daubert v. Merrell Dow Pharm., 509 U.S. 579, 592 (1993).

The parties do not dispute that handwriting analysis is a sufficiently reliable scientific or technical field, that Hargett qualifies as an expert handwriting analyst, or that the testimony of a forensic document examiner could be helpful in determining the authorship of a given piece of writing. Rather, Stamp moves to bar the testimony of Plaintiff's forensic document examiner essentially because Hargett is unable to testify with complete certainty that the signature on the March 6th form is not White's and Plaintiff's expert admits that he is unable to definitively determine whether White or Stamp wrote the disputed signature. Def.'s Mot. at 1-3.

It is well established that a handwriting expert may testify and state his opinion as to whether different documents or signatures were written by the same person. See United States v. Crisp, 324 F.3d 261, 270 (4th Cir. 2003). See also Robles v. United States, 279 F.2d 401, 404 (9th Cir. 1960). Courts have found the testimony from a handwriting expert sufficiently probative under Rule 702 even though the expert could not ascertain the authorship of the disputed piece of writing with

3

complete certainty. See Daubert v. Merrell Dow Pharm., 509 U.S. 579, 590 (1993) (noting that it would be "unreasonable" to require an expert to know with complete certainty the subject of scientific testimony before testifying); United States v. Crisp, 324 F.3d 261, 270-71 (4th Cir. 2003). See also United States v. Hardrich, 707 F.2d 992, 994 (8th Cir. 1983) (holding that the testimony from a handwriting expert that a defendant "probably" wrote some writing samples and signatures was sufficiently probative to be admissible under Rule 702); United States v. McGlory, 968 F.2d 309, 346 (3d Cir. 1992) (holding that the testimony from a handwriting expert was admissible even though the expert was "not absolutely certain" of his conclusions).

While Hargett is not certain that the signature on the March 6th Form is not White's, Hargett states his opinion to a "reasonable degree of scientific probability." Pl.'s Opp. Ex. A at 4. The Court is satisfied that Hargett's opinions are sufficiently reliable to allow him to testify based on his years of government service as a forensic document examiner, the over 300 civil and criminal cases Hargett served as an expert witness, and the numerous presentations and articles Hargett authored. Pl.'s Opp. Ex. A at 5-7.

Stamp also contends that Hargett has not provided any assurance that White's signature was not affected by alleged changes in his physical condition. Def.'s Mot. at 3. To the extent that Hargett's testimony is flawed, incomplete, or does not take into consideration changed circumstances, "an able defense lawyer will bring that fact to the jury's attention, both through skillful cross-examination and by presenting expert testimony of his own."Crisp, 324 F.3d at 271.

Finally, Stamp claims Hargett's testimony is irrelevant because he is unable to definitively determine that the signature on the March 6th Form is Stamp's not White's. Def.'s Mot. at 2. The Court disagrees. Maryland's substantive law governs the interpretation of this insurance policy, and

the interpretation of insurance contracts is governed by the same rules governing contracts generally. See French v. Assurance Co. of America, 448 F.3d 693, 700 (4th Cir. 2006) (stating that Maryland substantive law governs the interpretation of insurance policies); Pacific Indem. Co. v. Interstate Fire & Cas. Co., 488 A.2d 486, 488 (Md. 1985) (stating that insurance contracts are interpreted in the same manner as contracts generally); ABC Imaging of Washington, Inc. v. The Travelers Indem. Co. of America, 820 A.2d 628, 632 (Md. Ct. Spec. App. 2003). If a contract is created through fraud, duress, or undue influence, the contract will not be enforced because the parties to the contract did not have a meeting of the minds. See Cannon v. Cannon, 865 A.2d 563, 573 (Md. 2005). In the present case, Plaintiff does not need to prove who forged the disputed form; rather Plaintiff need only show that the signature on the form is not White's. In this respect, Hargett's testimony is relevant because if Plaintiff is able to demonstrate that White did not sign the March 6th Form, then the Designation of Beneficiary form from March 6, 2002, is invalid and White-Sneed would be the sole beneficiary of White's life insurance policy.

In sum, this Court holds that Hargett's opinions are sufficiently reliable and relevant to allow him to testify.

## **CONCLUSION**

For the reasons stated above, the Court will DENY Defendant's Motion to Disallow Testimony [26]. An Order consistent with this Opinion will follow.


Date:   August 22, 2006                             /s/
                                        Alexander Williams, Jr.
                                        United States District Court